In re Robert A. MOBLEY, Debtor.

No. 9:05–bk–27736–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 19, 2007.

Ludwig J. Abruzzo, Ludwig J. Abruzzo, PA, Naples, FL, for Creditors.

Richard J. Hollander, Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, for Trustee.

### ORDER ON SANCTIONS

(Doc. No. 56)

ALEXANDER L. PASKAY, Bankruptcy Judge.

On October 12, 2007, this Court entered its Order on Motion for Rule to Show Cause (Order)(Doc. No. 56) on Robert A. Mobley's Motion for Rule to Show Cause (Motion)(Doc. No. 53), filed on August 20, 2007. Robert A. Mobley (the Debtor) filed his Motion and sought an Order from this Court holding R. David Meloney, Sydney Blum, (collectively Clients) and their attorney, Ludwig J. Abruzzo, Esquire (Mr. Abruzzo)(collectively Respondents), in violation of the Automatic Stay. The Motion filed by the Debtor in this Chapter 7 case requested that this Court impose sanctions against the Respondents for violating the Automatic Stay pursuant to Section 362 of the Bankruptcy Code. It is without dispute that the law firm of Miller and Hollander (the Law Firm), counsel of record representing the Debtor, on two occasions contacted Mr. Abruzzo and requested that Mr. Abruzzo dismiss the Third Party Complaint against the Debtor, which was filed in the Circuit Court in and for Collier County, Florida, after the commencement of his Chapter 7 case. On the first occasion, August 1, 2007, the Law Firm addressed a letter to Mr. Abruzzo and requested that Mr. Abruzzo's Clients dismiss the Third Party Complaint, with prejudice. Since the Respondents failed to comply with the Law Firm's request, the Law Firm on August 13, 2007, on behalf of the Debtor, telephoned Mr. Abruzzo and requested for a second time that the Third Party Complaint filed by the his Clients against the Debtor be dismissed, with

prejudice. However, the record is clear that the Respondents failed to dismiss the Third Party Complaint against the Debtor and, therefore, the Debtor based on the same, alleged in his Motion that the Respondents were in violation of the Automatic Stay pursuant to Section 362 of the Bankruptcy Code and the imposition of sanctions should be imposed.

At the hearing held on the Debtor's Motion, the Court heard argument of counsel for the respective parties and ruled that the Third Party Complaint filed by the Respondents against the Debtor in the Circuit Court in and for Collier County, Florida, did violate the Automatic Stay and the imposition of sanctions was appropriate. The Court, in its Order on the Motion directed that a hearing be held on November 1, 2007, to determine the amount and the extent of the sanctions to be awarded to the law firm of Miller and Hollander.

In due course, the Law Firm in support of its Motion seeking the imposition of sanctions submitted its invoice in which it seeks attorneys' fees in the amount of $4,637.50. This amount represents 13.25 hours of work performed by the Law Firm on behalf of the Debtor for which compensation is sought. This Court has considered the submission of the Law Firm, the nature of the controversy and the time spent on this particular matter. This Court acknowledges that in addition to the Law Firm's two court appearances, the Law Firm also seeks an allowance of fees for several hours of unspecified research regarding the discharge of a contingent claim. The discharge of a contingent claim was not involved in the matter which was before this Court with respect to the Debtor's Motion for Rule to Show Cause and, therefore, compensation shall not be awarded for that time spent. In addition to the above, this Court also observed several miscellaneous items listed by the Law Firm: (1) on October 4, 2007, for travel time; and (2) on November 1, 2007, which indicates final review and travel to Ft. Myers courthouse. This Court finds that these submissions do not appear to be compensable.

Thus, based on the foregoing, this Court is satisfied that it is appropriate to impose sanctions against the Respondents in the amount of $2,000.00 as attorney's fees in connection with the Third Party Complaint filed against the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that sanctions be, and the same are hereby, imposed against R. David Meloney and Sydney Blum and their attorney, Ludwig J. Abruzzo, Esquire, jointly and severally, in the amount of $2,000.00, which amount shall be paid to the Law Firm of Miller and Hollander on or before December 1, 2007, pursuant to Section 362(k) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that in the event the sanctions imposed above are not paid before December 1, 2007, this Court will consider the imposition of additional sanctions, after notice and hearing to the Respondents and all parties of interest.